# Appeal of L. B. Spier, Guardian.

Where a testator devised land to his son, subject to the lien of a legacy, bequeathed by the will to the testator's daughter, and the legacy was subsequently adeemed by another provision for the testator's daughter, the fact that the grantee of the son set up the devise as a defense and claimed under it in an action of ejectment, brought by the heirs of the testator, does not estop him from setting up the ademption of the legacy as a defense

to a proceeding to enforce the payment of the legacy out of the land brought by the same heirs as were plaintiffs in the ejectment suit.

(Argued October 14, 1886. Decided November 1, 1886.)

October Term, 1886, No. 126, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Mercer County dismissing a petition to enforce the payment of a legacy charged upon land. Affirmed.

The petition was presented by L. B. Spier, as guardian of Charles and Nancy Spier, for the payment by Samuel L. Hendrickson of the legacy charged upon 84 acres of land by the last will and testament of James R. Melvin, deceased. The matter was submitted to an auditor, who found the facts substantially as follows:

S. A. Hendrickson is the grantee and present owner of the land which was devised by James R. Melvin, in his last will and testament dated August 2, 1866, to his son, James A. Melvin. This land was by the terms of the will subjected to a lien of a legacy of $800 bequeathed in the will to the testator's daughter, Nancy Spier. Nancy Spier died in 1869 and left, her surviving, two children, petitioners in this case. In 1872 James R. Melvin, the testator, concluded to change the provision made in his will for his daughter and to substitute therefor a sum of money to be deposited by him with a trustee for the use of said children of Nancy. Accordingly he sold his personal property for $516.62 and gave the notes of the vendee to S. L. Hendrickson with instructions to collect them and pay over the money to the children on their arrival at their majority, intending thereby an ademption of the whole legacy bequeathed to Nancy.

At the time James R. Melvin substituted the deposit with Hendrickson, as trustee for Nancy's children, for the legacy bequeathed to Nancy, he also made a deed to his son Joseph for the 84 acres devised in his will to his son James A., and likewise made a deed to James A. for the land he had devised in said will to Joseph. The provision substituted by the testator for Nancy's legacy and the making of the said deeds to Joseph and James A. were one complete act or operation of the mind of James R. Melvin. Some time after the death of the testator, the petitioners brought ejectment against the respondent for the undivided one

fourth of said 84 acres, claiming the same as heirs of James R.
Melvin, under the intestate laws of the commonwealth (the will
at that time not having been probated). On the trial of that
case, Hendrickson at first claimed under the deed to Joseph.
The plaintiff attacked the validity of this deed of James R. Mel-
vin, alleging that he was *non compos mentis* at the time of its
execution. On the issue thus tried the jury returned a verdict
for the plaintiff. The court, however, granted a new trial. In
the meantime the will of James R. Melvin was probated at the
instance of Samuel L. Hendrickson. On the second trial the
defendant claimed under this will and a subsequent deed from
James A., and obtained a verdict in his favor.

Inasmuch, therefore, as the respondent elected to take this
land under the will of James R. Melvin, and as the ademption
of Nancy's legacy was a part of a new arrangement or disposi-
tion of the testator's estate, which worked a revocation of the
devise as well as an ademption of the legacy, the auditor con-
cluded that the respondent was estopped from setting up its
ademption as a defense against the payment of this legacy. This
conclusion was the ground of exceptions by respondent.

These exceptions were heard in the court below before
MEHARD, P. J., who delivered an opinion, *inter alia,* as follows:

"The fact that Samuel L. Hendrickson, when sued in eject-
ment, relied upon the devise by James R. to James A. Melvin
for title to the 84 acres of land is relevant as showing that
James A. accepted the benefits of James R.'s will. He, there-
fore, must be held to have ratified and confirmed every part of
the will, and cannot be permitted to set up any right or claim
of his own, however legal and well founded it may otherwise be,
which would defeat or in any way prevent the full operation of
the will. Cox v. Rogers, 77 Pa. 160; Wise v. Rhodes, 84 Pa.
402.

"Hence, if the legacy to Nancy Spier was a subsisting part
of James R. Melvin's will at the time of his death, neither
James A. Melvin nor his grantee of the land devised to him
could avoid its payment by virtue of any defense made in op-
position to the will. But while equity will hold a devisee to have
taken the burdens as well as the benefits of a will, it does not
prevent him from showing that a burden written in the will was
in fact lifted by the testator in his lifetime. Baily v. Herkes,

1 Penr. & W. 126; Kreeder v. Boyer, 10 Watts, 54; Miner v. Atherton, 35 Pa. 537.

"In other words beneficiaries under a will must accept and follow the testator's intention as a whole. This is simple justice to their benefactor. But justice to him does not require them to carry out an intention he had recalled and to fulfil a provision he had legally expunged. It is not disputed that James R. Melvin bequeathed this legacy to Nancy as her portion of his estate; that, after her death, he recalled that intention and substituted a present gift in money (or its equivalent) to Nancy's children; and that this was intended by him as their portion of his estate. The legacy, then, was from that moment gone, and the will is to be read as if that bequest had been expunged from it. Miner v. Atherton, 35 Pa. 537.

"The conclusion which seems to follow is avoided by the learned counsel for petitioner and by the auditor, on the ground (as stated) that the ademption of this legacy cannot be shown without showing the accompanying facts; and as they prove a revocation of the devise, the respondent is estopped from showing any part of the transaction. This reasoning, I think, is erroneous. While the gift of the money to petitioners and of the deeds to Joseph and James A. Melvin were parts of one single purpose of James R. Melvin, to wit, to make a distribution of his estate among his children, yet they were not interdependent. After the purpose of the donor had become his acts, those acts bore no relation to each other. Hence, the gift to Charles and Nancy Spier stands by itself, and its effect is the same whether the deeds were made to Joseph and James A. Melvin or not. These were independent gifts and the invalidity of the one would have no force to nullify the other; and if the gift to Charles and Nancy was an ademption of their legacy, that put an end to their rights under the will, whatever may have become of the other bequests. Then, while Hendrickson must be held to the terms of the will, the inquiry still comes to the question, Is this legacy a burden on his devise? If the deeds had not been made, respondent could certainly show an ademption of the legacy. That would be fulfilling rather than avoiding the testator's intent. But how is the justice or equity of the case changed by the fact that the deeds were made? If they were valid and revoked the devises, Charles and Nancy could claim nothing from the land. But, if, for some reason, the deeds

did not revoke the devises but left them valid, the rights of the petitioners are no greater than if the deeds had not been made. In either event the fact remains that they have the full portion intended for them by the testator out of his estate. Such being the fact, I think there is no principle of right or equity which the petitioners can invoke to give them a position the testator intended they should not have. Therefore this petition is dismissed, at the cost of the petitioners."

A decree was accordingly entered and the guardian appealed, assigning as error the action of the court in sustaining the exceptions to the auditor's report and in entering the decree dismissing the petition.

*E. P. Gillespie, J. A. Stranahan,* and *B. Magoffin* for appellant.

*S. Griffith & Sons, William Maxwell,* and *Miller & Gordon* for appellee.

PER CURIAM:

That there was an ademption of the bequest, which is found in the will of James R. Melvin, to Nancy Spier, is a matter that was settled by the finding of the auditor; and such being the case, we cannot understand how it could remain charged upon the land. Neither can we understand how the appellee could be estopped from setting up this fact because in a previous action of ejectment he had successfully made use of the will to defend his possession. It is true, the deed of the testator to Joseph Melvin, alleged to have been made about the same time with the ademption of the bequest, was successfully attacked; nevertheless, the will was good, and that was sufficient for Hendrickson. Neither was the ademption attacked; that seems to have been valid, though the deed was not. Such being the case, the orphans' court cannot be convicted of error for permitting the appellee to avail himself of the fact thus established.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.